**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Application of Mihails Ulmans for Judicial Assistance Pursuant to 28 U.S.C. § 1782<br><br>Applicant. | No. MC-22-00052-PHX-GMS<br><br>**ORDER** |

Mihails Ulmans has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 (Doc. 1). For the reasons below, the petition is granted.

## BACKGROUND

On May 26, 2022, Mr. Mihails Ulmans, a Latvian national, was arrested by authorities in Riga, Latvia, for his alleged role in the 2018 murder of Mr. Martins Bunkus. Mr. Ulmans maintains that he was not involved in the murder. Nevertheless, he has been held in Latvian custody for several months "with limited access to the case file and therefore limited ability to challenge the basis for his detention." (Doc. 2 at 2.) The facility where Mr. Ulmans is being held has allegedly failed to provide him with telephone access, which has created practical difficulties for his defense attorneys, who live three hours away in Riga. Mr. Ulmans's health is allegedly suffering under the conditions at the facility.

Thus, on November 23, 2022, Mr. Ulmans submitted this petition pursuant to 28 U.S.C. § 1782, seeking a court order to facilitate discovery from citizens of Arizona that will form a "critical part" of his criminal defense in Latvia. Specifically, Mr. Ulmans

would like the Court to appoint "Arthur D. Middlemiss as a Commissioner of the Court to facilitate the issuance of subpoenas and the gathering of documentary and testimonial evidence from David Merkel and Summit International Advisors, LLC ("Summit"), both of whom 'reside in' and are 'found in' the District of Arizona." (Doc. 1 at 1; Doc. 7).

**DISCUSSION**

**A. Legal Standard**

Under 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, as long as the disclosure does not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). Such an order is appropriate where: "(1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Med. Corp. v. Google, LLC*, No. 22-MC-80077-HSG, 2022 WL 5122954, at *1 (N.D. Cal. Oct. 4, 2022) (internal punctuation omitted) (citing *Intel*, 542 U.S. at 246–47).

A court's decision to grant a § 1782 motion is a matter of discretion, even if an application satisfies all three requirements. *Intel*, 542 U.S. at 246. In exercising its discretion, a court considers four factors: "(1) [w]hether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782 aid; (2) [t]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) [w]hether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) [w]hether the subpoena contains unduly intrusive or burdensome requests." *In re Fils*, No. 20-MC-80176 NC, 2020 WL 13094013, at *1 (N.D. Cal. Oct. 14, 2020) (quoting *Intel*, 542 U.S. at 246.) The purpose of the Court's inquiry is to further the twin aims of § 1782: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to

U.S. courts." *Med. Corp. v. Google, LLC*, No. 22-MC-80077-HSG, 2022 WL 5122954, at *1 (N.D. Cal. Oct. 4, 2022) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

**B. Analysis**

As a threshold matter, Mr. Ulmans has satisfied the requirements of § 1782: (1) he seeks discovery from David Merkel, and Summit, both of whom reside in this district: (2) Mr. Ulmans intends to use information obtained through discovery in a proceeding before the Riga City Court, and (3) as the defendant in a criminal case, he is an "interested person" under the definition of § 1782. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782."); *see also In re Application of Chevron Corp.*, 762 F. Supp. 2d 242, 249 (D. Mass. 2010) (finding civil and criminal defendants to be "interested persons"); *In re Fils*, WL 13094013, at *1 (finding the same).

Thus, the Court turns to the *Intel* factors. First, Mr. Merkel is a U.S. citizen, and Summit is a U.S. company, both of whom are located in Arizona and not parties to the Latvian murder case. Therefore, Mr. Merkel and Summit are clearly out of the Riga City Court's jurisdictional reach without the aid of § 1782. Second, there is no indication that the Latvian tribunal would not be receptive to discovery assistance by this Court. Third, at this time, Mr. Ulmans does not appear to be attempting to circumvent the Riga City Court's proof-gathering restrictions. Nor does he appear to circumvent any national policies of Latvia or the United States. Although Latvian officials have barred Mr. Ulmans from reviewing some of the evidence against him, the Court accepts his argument that "this restriction relates to law enforcement sensitivity." (Doc. 2 at 8.) The information he seeks from discovery in this application is exculpatory evidence from third parties, which "by definition" is not "coextensive with the purportedly incriminating information and investigative information contained within the Latvian prosecution's file." (Doc. 2 at 8.) The Court accepts these findings while also acknowledging that Mr. Merkel or Summit could raise objections to these points that have not been considered by the Court, which

the Court will weigh upon receipt of a motion to quash.

<u>Fourth</u>, the information Mr. Ulmans seeks through discovery is narrowly tailored to information that will help his defense in the criminal case against him. "The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure." *Medeiros v. Int'l Game Tech.*, No. 2:16-CV-00877-JAD-NJK, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (citing *Gov. of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012)). Here, Mr. Ulmans seeks communications between Mr. Merkel and Mr. Bunkus and any of Mr. Merkel's communications with third parties that concerned Mr. Bunkus, such as Latvian and U.S. officials. (Doc. 1-2 at 47, 48). Here, these communications are sought to supplement Mr. Ulmans's defense in a murder trial; namely, by uncovering alternative suspects. This sort of evidence is within the scope of allowable discovery contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, all four *Intel* factors tilt in favor of granting Mr. Ulmans's petition.

As a final matter, certain outside parties have introduced their objections to Mr. Ulman's application. (Doc. 5.) However, applications brought under § 1782 are typically done on an ex parte basis because relevant "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Thus, these objections are improper at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Ulman's ex parte application for an order pursuant to 28 U.S.C. 1782 (Doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall recognize Mr. Arthur D. Middlemiss as a Commissioner of the Court to facilitate the issuance of subpoenas and the gathering of documentary and testimonial evidence from David Merkel and Summit

International Advisors, LLC.  Mr. Middlemiss is instructed to carry out this commission pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the U.S. Constitution, and any applicable legal privileges.

Dated this 3rd day of February, 2023.

_____
G. Murray Snow
Chief United States District Judge